UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:22-cv-01230-JFW-JC | Date | October 28, 2022 |
|---|---|---|---|
| Title | Paul Milton Davis, Jr., v. County of San Bernardino, et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Kerri Hays | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| none present | none present |

**Proceedings:**     (IN CHAMBERS)

### ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS DUPLICATIVE

On July 12, 2022, plaintiff Paul Milton Davis, Jr., a detainee who is proceeding *pro se* and has been granted leave to proceed without prepayment of the filing fee, filed a Civil Rights Complaint (Dkt. No. 1 "Complaint") pursuant to 42 U.S.C. § 1983 ("Section 1983") against the County of San Bernardino ("County") and County Deputy Sheriff Villarino in his individual and official capacities.[1] In the Complaint, plaintiff alleges that on July 5, 2021,[2] Deputy Villarino came to plaintiff's cell to search it, but plaintiff did not let him because plaintiff "was having a mental breakdown." (Complaint at 3, 5). Thereafter, Villarino grabbed plaintiff and sat him down and when plaintiff tried to get back up, Villarino "slam[med]" plaintiff and used a taser on him before calling for back-up, which led to plaintiff being handcuffed, dragged down the stairs and then punched and choked while deputies tried to get plaintiff into a restraint chair. (Id.).

This is the second lawsuit plaintiff has filed based on this incident. Previously, in Davis v. San Bernardino Sheriff's Dep't, United States District Court for the Central District of California case no. 5:21-cv-01941-JFW-JC ("Davis I"), plaintiff sued defendant Villarino and other County Sheriff's Department employees – Sergeant Cypress and Deputies Martinez and Nunez – based on the same

///
///
///

---

[1] The Complaint's caption lists the County of San Bernardino as the only defendant while the Complaint's body names Villarino, sued in both his individual and official capacities, as the only defendant. (See Complaint at 1, 3).

[2] While plaintiff alleges the incident occurred on July 5, 2021, he has attached an Inmate Discipline Report and related documentation indicating the incident in question occurred on July 3, 2021. (Complaint at 7-9 (as paginated on the Court's electronic docket)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:22-cv-01230-JFW-JC | Date | October 28, 2022 |
|---|---|---|---|
| Title | Paul Milton Davis, Jr., v. County of San Bernardino, et al. | | |

alleged incident.[3]  (See Davis I Dkt. No. 10 ("Davis I FAC")).  Davis I remains pending and the FAC has been ordered served on the named defendants.  (Davis I Dkt. No. 13).

     A "litigant has no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."  MHC Fin. Ltd. P'ship v. City of San Rafael, 714 F.3d 1118, 1133 (9th Cir. 2013), cert. denied, 571 U.S. 1125 (2014).  Rather, the Court has discretion to dismiss an *in forma pauperis* complaint under Section 1915(e) where the complaint "'merely repeats pending or previously litigated claims.'"  Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citation omitted); see also M.M. v. Lafayette Sch. Dist., 681 F.3d 1082, 1091 (9th Cir. 2012) (A "district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims."); Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir.) (A "district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions."), cert. denied, 552 U.S. 1076 (2007), overruled in part on other grounds, Taylor v. Sturgell, 553 U.S. 880 (2004).

     In light of the apparent duplicative nature of Davis I and the present action, IT IS HEREBY ORDERED that the plaintiff shall show good cause in writing, by not later than **November 21, 2022**, as to why this action should not be dismissed as duplicative.  Alternatively, if plaintiff does not wish to proceed with this action, he may instead date, sign and return the attached dismissal notice by the foregoing deadline.

     **Plaintiff is cautioned that the failure timely to comply with this Order to Show Cause and/or to show good cause may result in the dismissal of this action as duplicative and/or for failure to comply with a Court Order and/or for failure to prosecute.**

     IT IS SO ORDERED.

Attachment (Notice of Dismissal)

---

[3]The First Amended Complaint in Davis I alleges that on July 4, 2021, the named deputies slammed him to the ground, used a taser on him, slammed a knee into his neck, dragged him down the stairs while he was handcuffed, put him in a chair and started to choke him and hit him in the face.  (Davis I FAC at 3-5).  While plaintiff asserts in Davis I that the incident occurred on July 4, 2021 – not July 5, 2021 as he claims in the current action – the initial Complaint in Davis I included the same Inmate Discipline Report and related documents that plaintiff has submitted in the present action (see Davis I, Dkt. No. 1), which bolsters the conclusion that the allegations in both Davis I and the present action relate to the same incident.